## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-01774-VDO |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| UNITED RENTALS, INC. | |
| Defendant. | JANUARY 31, 2025 |

### JOINT RULE 26(f) REPORT

Date Complaint Filed: **November 7, 2024**

Date Complaint Served: **December 2, 2024**

Date of Defendant's Appearance: **December 18, 2024**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiff James E. Shelton ("Plaintiff"), and Defendant United Rentals, Inc. ("Defendant" or "United Rentals") hereby submit this Joint Report of the Parties' Planning Meeting. A conference was held on **January 15, 2025**. The participants were:

Anthony Paronich and Andrew Perrong for the Plaintiff.

S. Stewart Haskins II and Allexia Bowman Roberts of King & Spalding LLP and

Jeffrey Mueller from Day Pitney LLP for the Defendant.

### I.      Certification

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy

of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

The Plaintiff's Telephone Consumer Protection Act ("TCPA") claims invoke federal question subject matter jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

### B. Personal Jurisdiction

Personal jurisdiction is not contested. However, Defendant contends that Plaintiff incorrectly named United Rentals, Inc. as the Defendant in this action, and that the correct party should be United Rentals (North America), Inc. Defendant offered to provide Plaintiff with information sufficient to support its contention, and Plaintiff agreed to file a motion to substitute the proper party upon receipt of such information.

## III. Brief Description of the Case

### A. Claims of Plaintiff

The Plaintiff contends that this case involves a campaign by United Rentals to market its rental services through the use of pre-recorded calls in alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Mr. Shelton is seeking to represent the following class of individuals:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers, specialized mobile radio numbers, radio common carrier numbers, or numbers for which they were charged for the call (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.

### B. United Rentals' Defenses and Counterclaims

Defendant denies any liability on Plaintiff's claims and denies that class certification or

relief of any kind is appropriate in this case.

Defendant has asserted the following defenses: (1) failure to state a claim; (2) statute of limitations; (3) consent; (4) laches and unclean hands; (5) waiver, release, and estoppel; (6) failure to mitigate damages; (7) due process; (8) no knowing or willful violation; (9) class certification is improper; (10) res judicata and collateral estoppel; (11) failure to join an indispensable party or misjoinder of parties; (12) safe harbor provisions of the TCPA; and (13) Defendant did not use an automatic telephone dialing system ("ATDS") as that term is used in the TCPA.

Defendant has asserted counterclaims for fraud/fraudulent misrepresentation and, in the alternative, negligent misrepresentation against Plaintiff based on recorded representations, misrepresentations, and omissions that Plaintiff made during a phone call with one of Defendant's sales agents to induce subsequent phone calls from Defendant, then claim that Defendant violated the TCPA.

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are not in dispute:

- Defendant is headquartered in this District.
- Plaintiff is an individual.

## V.    Case Management Plan

### A.  Initial Disclosures

Initial disclosures will be served by January 30, 2025.

### B.  Scheduling Conference

1.      The Parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.      The Parties prefer that a scheduling conference, if held, be conducted by telephone.

**C.  Early Settlement Conference**

1.      The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The Parties do not request an early settlement conference.

3.      The Parties cannot agree whether the settlement conference, when such a conference is held, should be held before either a private mediator or Magistrate Judge.

4.      The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.  Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The Parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings: As noted above, Defendant contends that Plaintiff incorrectly named United Rentals, Inc. as the Defendant in this action, and that the correct party should be United Rentals (North America), Inc. Defendant offered to provide Plaintiff with information to support its contention, and Plaintiff agreed to file a motion to substitute the proper party upon receipt of such information.

1.      Plaintiff should be allowed until **April 8, 2025,** to file motions to join additional parties and until **April 8, 2025,** to file motions to amend the pleadings.

2.      Defendant should be allowed until **April 8, 2025**, to file motions to join additional parties and until **April 29, 2025**, to file a response to any amended complaint.

**E.  Discovery**

1.      Recognizing that the precise contours of the case, including the existence and/or

amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the Parties wish to the apprise the Court of the following information regarding the needs of the case:

Plaintiff's Position:

The Plaintiff opposes any bifurcated discovery. Bifurcation of discovery is often "counterproductive." MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery. The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). There is also real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a

TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery.

<u>Defendant's Position:</u>

The 26(f) Report is not the appropriate place to submit legal briefing. Defendant proposes that discovery should be conducted in phases to conserve the resources of the parties and the Court. The initial phase of discovery should be limited to the merits of Plaintiff's individual claim, including: (1) whether Defendant initiated the calls at issue using an artificial telephone dialing system (ATDS) or prerecorded voice; and (2) whether Plaintiff provided his express consent to receive calls from United Rentals. After the first phase of discovery, Defendant intends to move for summary judgment on those threshold issues. Further discovery, including any discovery with respect to the putative class, should only proceed once the Court has issued a ruling on the

Defendant's forthcoming motion for summary judgment on Plaintiff's individual claims.

Proceeding with phased discovery in this manner will be most efficient for the Parties and the Court because it can potentially avoid the need for burdensome classwide discovery that may be unnecessary. In fact, Plaintiff's counsel has engaged in a similar course of phased discovery in other TCPA cases where, as here, a defendant raised early concerns as to whether a plaintiff's claims could withstand a dispositive motion. *See, e.g.*, *Harris v. Shore Funding Sols. Inc.*, No. 23CV00789JMAJMW, 2023 WL 3440077, at *4 (E.D.N.Y. Apr. 21, 2023) (granting motion to limit discovery to address a "narrow, potentially dispositive issue" that could "render Plaintiff's TCPA claim baseless and may resolve the case since Defendant intends to initiate dispositive motion practice following discovery"). The Parties can provide support for their respective positions at the Scheduling Conference discussed in Section V.B, and can provide briefing on this issue, if necessary, at the Court's request.

2.      The Parties anticipate that discovery will be needed on the following subjects:

<u>Plaintiff's Position</u>

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 as well as the merits of Plaintiff's claims.  To that end, the Plaintiff will seek discovery regarding the recipients of the pre-recorded calls as well as any affirmative defenses asserted by the Defendant.

<u>Defendant's Position</u>:

During the initial phase, discovery will be needed with respect to: (1) the telephone calls and communications between Plaintiff and United Rentals; (2) the manner in which Plaintiff obtained the phone number at issue; and (3) Plaintiffs' other litigation, including but not limited to, instances where Plaintiff has brought a class action lawsuit alleging violations of the TCPA,

and sought to serve as a named representative in a putative class action.

During any further phase, if necessary, discovery will be needed with respect to: Plaintiff's adequacy to represent a class and other issues bearing on class certification.

3.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), completed (not propounded) by:

Parties' Position:  **March 30, 2026**

4.    The Parties do not agree whether discovery ought to be conducted in phases.

Plaintiff's Position:

As discussed above, the Plaintiff strongly opposes any attempt at bifurcation and phased discovery. If the Defendant believes it can prevail on its claim, it can move for dispositive relief at any time, as it apparently intends to do. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See supra* (collecting cases denying similar proposals to bifurcate merits and class discovery in other TCPA cases).

Defendant's Position:

Discovery should be conducted in phases, as set out above. Specifically, the initial phase of discovery should be limited to the merits of Plaintiff's individual claims, including (1) whether Defendant initiated the calls at issue using an artificial telephone dialing system (ATDS) or prerecorded voice; and (2) whether Plaintiff provided his express consent to receive calls from United Rentals. Defendant proposes that the first phase of discovery would be completed no later than **April 30, 2025**. After the first phase of discovery, Defendant intends to move for summary

judgment on those threshold issues. Any further phase of discovery, if necessary, should only proceed once the Court has issued a ruling on the Defendant's forthcoming motion for summary judgment on Plaintiff's individual claims.

The 26(f) Report is not the appropriate place to submit legal briefing as the parties may explain their respective positions at the Scheduling Conference discussed in Section V.B. Defendant has not made a "motion to bifurcate" discovery and will do so only if the Court finds that motion practice is necessary on this issue.

5.    The Parties anticipate that Plaintiff will require a total of three to four depositions of fact witnesses, including a single corporate representative if necessary, and that Defendant will also require three to four depositions of fact witnesses. The depositions will be:

Parties' Position: Commenced by **April 1, 2025,** and completed no later than **October 8, 2025.**

6.    The Parties will not request permission to serve more than 25 interrogatories.

7.    The Parties may call expert witnesses at trial.

8.    The Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by:

Parties' Position: No later than **December 8, 2025**. Depositions of any such experts will be completed by **February 6, 2026.**

9.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by:

Parties' Position: No later than **December 8, 2025**.

10.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical,

archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties agree to abide by their general obligations under the Federal Rules of Civil Procedure and common law to preserve electronically stored information.

11.    Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The Parties agree to abide by their general obligations under the Federal Rules of Civil Procedure and common law to preserve such documents and information.

12.    Undersigned counsel (after consultation with their clients) have also discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties agree to follow the procedures set forth in Paragraph 18 of the Standing Protective Order in this case.

### F.    Other Scheduling Issues

<u>Parties' Position:</u> Plaintiff will file a motion for class certification by **March 30, 2026.** Defendant will file an opposition to Plaintiff's motion for class certification by **May 29, 2026**. Plaintiff will file a reply in support of his motion for class certification by **June 29, 2026.**

### G.    Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed:

<u>Parties' Position:</u> A date set by the Court following the resolution of Plaintiff's Motion for Class

Certification.

### H.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed by:

<u>Parties' Position:</u>  A date set by the Court following the resolution of Plaintiff's Motion for Class

Certification and all Summary Judgment or other dispositive motions.

### VI.    Trial Readiness

The case will be ready for trial by:

<u>Parties' Position:</u> A date set by the Court following the resolution of Plaintiff's Motion for Class

Certification and all Summary Judgment or other dispositive motions.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.


PLAINTIFF                                                    DEFENDANT UNITED RENTALS, INC.

By:  */s/ Anthony Paronich*                By:   */s/  Allexia Bowman Roberts*
     Anthony Paronich                               S. Stewart Haskins III (*pro hac vice*)
     PARONICH LAW, P.C.                         Allexia Bowman Roberts (*pro hac vice*)
     350 Lincoln Street, Suite 2400          KING & SPALDING LLP
     Hingham, MA 02043                        1180 Peachtree Street, N.E.
     Telephone:  (617) 485-0018             Atlanta, Georgia 30309
     Facsimile:   (508) 318-8100             Phone: (404) 572-4600
     Email: anthony@paronichlaw.com    Email: shaskins@kslaw.com
                                                             Email: aroberts@kslaw.com

                                                             Jeffrey P. Mueller (ct 27870)
                                                             DAY PITNEY LLP
                                                             Goodwin Square
                                                             225 Asylum Street
                                                             Hartford, CT  06103-1212
                                                             Tel: (860) 275-0100
                                                             Fax: (860) 275-0343
                                                             Email: jmueller@daypitney.com